IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TRINIDAD JESUS GARCIA                                                           PETITIONER
Reg. #18826-041

v.                                    2:23-cv-00019-KGB-JJV

ERIC KESSEL, Acting Warden,
Federal Correctional Institution –
Forrest City Medium                                                             RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.      INTRODUCTION**

Petitioner Trinidad Jesus Garcia, an inmate at the Federal Correctional Institution – Forrest City Medium, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He alleges the Bureau of Prisons ("BOP") is improperly refusing to apply time credits he has earned under the First Step Act of 2018, 18 U.S.C. §§ 3631-3635, toward his release to pre-release custody or supervised release. (*Id.* at 1, 8-10.) After careful consideration of Mr.

Garcia's Petition as well as the Response (Doc. No. 7) and Reply (Doc. No. 13), I recommend the Petition be denied.

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative

exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

Respondent Eric Kessel, Acting Warden of the Forrest City FCI, contends Mr. Garcia's Petition should be dismissed because the Petition is silent as to whether he exhausted his claim by means of the Administrative Remedy Program. (Doc. No. 7 at 3.) Respondent does not attach any BOP records showing Mr. Garcia's failure to exhaust; instead, Respondent points to Mr. Garcia's failure to provide records showing that he did exhaust.[1]  Generally speaking, the exhaustion of administrative remedies is an affirmative defense. *See, e.g.*, *Webb v. Beasley*, No. 2:17-cv-00027-KGB-PSH, 2018 WL 894640, at 1 (E.D. Ark. Feb. 14, 2018) (citing *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015)).  As such, "the respondent bears the burden of raising and proving the absence of exhaustion." *Id*.  Respondent has not met his burden of proving that Mr. Garcia failed to exhaust his claim; accordingly, I do not recommend dismissal on this basis.

  B.  **Merits**

Mr. Garcia contends he is entitled to have his earned time credits applied toward his release to pre-release custody or supervised release under the mandatory language of the First Step Act. (Doc. No. 1 at 5.)  He relies specifically on the following provision:

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release.  The Director of the Bureau of Prisons shall transfer eligible prisoners, *as determined under section 3624(g)*, into prerelease custody or supervised release.

---

[1] Specifically, Respondent notes Mr. Garcia did not attach a response to his Request for Administrative Remedy. (Doc. No. 7 at 3.)  Relying on the absence of this document, Respondent concludes "it does not appear" Mr. Garcia fully exhausted his claim. (*Id*. at 3-4.)  Notably, the Warden's response to the Request for Administrative Remedy is attached to Mr. Garcia's Reply. (Doc. No. 13 at 23.)

18 U.S.C. § 3632(d)(4)(C) (emphasis added).  As indicated in the emphasized language, the First Step Act explicitly provides that the application of earned time credits is subject to and governed by section 3624(g).  Under section 3624(g), an eligible prisoner who has earned time credits under the First Step Act must meet certain requirements in order to apply those time credits toward release to pre-release custody or supervised release.  Among other things, the prisoner must be assessed as "a minimum or low risk to recidivate" pursuant to the last two reassessments, in the case of pre-release custody, or the last reassessment, in the case of supervised release.  18 U.S.C. § 3624(g)(1)(D).

The record demonstrates that Mr. Garcia was assessed as a medium risk to recidivate in his December 2, 2022 reassessment.[2]  (Doc. No. 7-1 at 1.)  Therefore, in accordance with section 3624(g), he is not yet eligible to apply his earned time credits toward pre-release custody or supervised release.  For this reason, I recommend his Petition for Writ of Habeas Corpus be denied.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Garcia's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED.

DATED this 27th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Mr. Garcia has attached to his Reply a document indicating he was more recently reassessed as a low risk to recidivate.  (Doc. No. 13 at 5.)  That reassessment apparently took place on May 31, 2023, well after Mr. Garcia filed the instant Petition.  He should continue to seek application of his earned time credits through the proper channels within the BOP, and the BOP will apply them when all statutory requirements have been met.