IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**TRINIDAD JESUS GARCIA**
Reg. No. 18826-041                                                                                          **PETITIONER**

v.                              Case No. 2:23-cv-00019-KGB-JJV

**WARDEN OF THE FORREST CITY FCI**                                              **RESPONDENT**

## ORDER

Before the Court are Proposed Findings and Recommendations ("Recommendations") filed by United States Magistrate Judge Joe J. Volpe (Dkt. No. 15). Petitioner Trinidad Jesus Garcia filed objections to the Recommendations (Dkt. No. 16). After consideration of the Recommendations, consideration of the objections, and a *de novo* review of the record, the Court adopts the Recommendations as the Court's findings of fact and conclusions of law in all respects (Dkt. No. 15).

When he filed this action, Mr. Garcia was an inmate at the Federal Correctional Institution ("FCI") – Forrest City Medium (Dkt. No. 1, at 2). Mr. Garcia filed this *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (*Id.*, at 1). Mr. Garcia alleged that the federal Bureau of Prisons ("BOP") was improperly refusing to apply time credits he earned under the First Step Act of 2018, 18 U.S.C. §§ 3631–3635, toward his release to pre-release custody or supervised release (*Id.*, at 1, 8–10). In his Recommendations, Judge Volpe determined that the respondent Acting Warden of the Forrest City FCI failed to meet his burden of proving that Mr. Garcia failed to exhaust his administrative remedies with the BOP before filing this suit and, therefore, recommended that the Court not dismiss Mr. Garcia's petition on the basis of failure to exhaust (Dkt. No. 15, at 3). Instead, Judge Volpe recommended that this Court deny Mr. Garcia's petition because the record before the Court demonstrated that at the time Mr. Garcia filed his petition he

was not yet eligible to apply his earned time credits toward pre-release custody or supervised release.  The record evidence demonstrated Mr. Garcia was assessed as a medium risk to recidivate in his December 2, 2022, reassessment, which was the most recent assessment of Mr. Garcia prior to his filing his petition in this case (Dkt. Nos. 7–1, at 1; 15, at 4; *see also* 15, at 4 n.2 (discussing a May 31, 2023, assessment that post-dated Mr. Garcia's filing of his petition)).

In his objections, Mr. Garcia argues that he did exhaust his administrative remedies with the BOP before filing this petition and submits additional record evidence for the Court's consideration on this issue (Dkt. No. 16, at 2).  Judge Volpe did not recommend that this Court dismiss based on exhaustion, as Mr. Garcia acknowledges.  Mr. Garcia also objects to Judge Volpe's analysis on the merits (*Id.*, at 2–3).  However, from the Court's review, Mr. Garcia's objections focus on events that occurred, and decisions made by the BOP, after Mr. Garcia filed this petition, not before.  Based upon the Court's *de novo* review of the record and consideration of the Recommendations and objections, the Court overrules Mr. Garcia's objections and adopts Judge Volpe's Recommendations in their entirety as this Court's findings of fact and conclusions of law in all respects (Dkt. Nos. 15; 16).  For these reasons, the Court denies the relief requested and dismisses Mr. Garcia's 28 U.S.C. § 2241 petition for writ of *habeas corpus* (Dkt. No. 1).

The Court grants Mr. Garcia's motion for status update and notice of change of address (Dkt. No. 18).  This Order and the accompanying Judgment serve to inform Mr. Garcia of the status of this matter.  The Court denies as moot Mr. Garcia's motion to expedite (Dkt. No. 19).

It is so ordered this 26th day of March, 2024.

                                                           _____
                                                           Kristine G. Baker
                                                           Chief United States District Judge